UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
CITYVIEW PARTNERS, LLC, ALLAN
BARRY HARVEY,

               Plaintiffs,

    -against-

ANGEL MERCEDES, IBERIABANK,
and FIRST HORIZON BANK, doing
business as IberiaBank,

               Defendants.
-----------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 21-CV-1845-FB-SJB

*Appearances:*
*For the Plaintiffs:*
YORAM NACHIMOVSKY
299 Broadway, Suite 605
New York, New York 10007

*For the Defendants:*
MATTHEW S. MULQUEEN
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

**BLOCK, Senior District Judge:**

This case was removed from the Supreme Court of New York, Kings County, based on diversity. Defendant Angel Mercedes now moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In addition, all defendants move to dismiss for failure to state a claim pursuant to Rule 12(b)(6).

For the following reasons, the Court grants the motion to dismiss for failure

1

to state a claim and, therefore, does not reach the issue of personal jurisdiction.[1]

# I

The following facts are drawn from Cityview's Amended Complaint and are, for present purposes, taken as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

In early 2020, Cityview Partners, LLC, and its principals (collectively, "Cityview") were approached by two event promoters in need of funds for an upcoming event in Miami. Cityview agreed to loan the promoters $360,000.00 in exchange for a promissory note. In addition, the promoters both signed what the complaint refers to as an irrevocable "letter of direction" authorizing IberiaBank to repay Cityview from their accounts at the bank no later than February 8, 2020.

On or about January 31, 2020, Mercedes—the manager of one of IberiaBank's Miami branches—represented to Cityview that the promoters had

---

[1] The Court would normally address personal jurisdiction before reaching the merits. *See Cohen v. Facebook, Inc.*, 252 F. Supp. 3d 140, 148 (E.D.N.Y. 2017) ("A court facing challenges as to both its jurisdiction over a party and the sufficiency of any claims raised must first address the jurisdictional question."). However, because only Mercedes has moved to dismiss for lack of personal jurisdiction, it must address the sufficiency of the pleadings in any event. Given the outcome, the Court assumes that Mercedes withdraws his jurisdictional objection. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.").

enough funds in their accounts to repay the loan.  He further acknowledged receipt of the "letter of direction" and promised to honor it.   Cityview alleges that it would not have made the loan without those assurances.

The promoters did not repay Cityview when the promissory note came due and, despite Cityview's demands, IberiaBank did not disburse any funds from their accounts.  Rather than suing the promoters, Cityview filed suit against Mercedes and IberiaBank.[2]

## II

Cityview's complaint asserts four claims:  (A) breach of contract, (B) fraud, (C) negligent misrepresentation, and (D) unjust enrichment/constructive trust.  The Court addresses each claim in turn.[3]

### A. Breach of Contract

"The essential elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance pursuant to the contract, the

---

[2] Later in 2020, IberiaBank was acquired by First Horizon Bank, which is also named as a defendant.  For the sake of simplicity, the Court refers to IberiaBank and First Horizon Bank collectively as "IberiaBank."

[3] The parties disagree as to whether the substantive law of New York or Florida should govern their dispute.  Although those laws differ in some respects, the Court need not resolve the dispute because none of the differences is relevant here.  *See Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998) ("[T]he first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of laws.").  Purely as a matter of convenience, the Court cites New York law.

defendant's breach of his or her contractual obligations, and damages resulting from the breach.'" *Canzona v. Atanasio*, 989 N.Y.S.2d 44, 47 (2d Dep't 2014) (quoting *Dee v. Rakower,* 976 N.Y.S.2d 470, 474 (2d Dep't 2013)).  "[I]n order for a promise to be enforceable as a contract, the promise must be supported by valid consideration." *Umscheid v. Simnacher*, 482 N.Y.S.2d 295, 297 (2d Dep't 1984) (internal quotation marks omitted).

The defendants argue that the purported agreement between them and Cityview lacks consideration.  The Court agrees.  As far as the complaint reveals, Mercedes and IberiaBank received nothing in exchange for their alleged promise to honor the letter of direction.

Cityview argues that its payment of $360,000 constituted consideration. That benefit was plainly conferred on the promoters, not the defendants.  Cityview argues that IberiaBank also received a benefit because the loan proceeds were deposited in IberiaBank accounts, which allowed the bank to use the funds "as banking cash collateral for other loans and other ventures and additional other myriad sources of income."  Pls.' Mem. of Law at 20 (quoting Am. Compl. ¶ 51). That benefit is not unique to the letter of direction.  Any deposit into a bank account confers an identical benefit on the bank.  Such a benefit does not create an enforceable contract for the same reason that past consideration does not:  "[I]t cannot be said to have been bargained for in exchange for the promise."

4

*Umscheid*, 482 N.Y.S.2d at 297 (internal quotation marks omitted).

Cityview correctly points out that consideration can be "either a benefit to the promisor or a detriment to the promise." *Hollander v. Lipman*, 885 N.Y.S.2d 354, 355 (2d Dep't 2009) (quoting *Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458, 464 (1982)). As Judge Cardozo once observed, however, that formulation "is little more than a half truth." *Allegheny Coll. v. Nat'l Chautauqua Cnty. Bank of Jamestown*, 246 N.Y. 369, 373 (1927). Whether described as a benefit or a detriment, "the promise and the consideration must purport to be the motive for the other, in whole or at least in part." *Id.* (quoting *Wis. & Mich. Ry. Co. v. Powers*, 191 U.S. 379, 386 (1903)). "It is not enough that the promise induces the detriment or that the detriment induces the promise, if the other half is wanting." *Powers*, 191 U.S. at 386.

Cityview alleges that it was induced to loan the promoters $360,000, at least in part, by Mercedes's assurances. However, it is not plausible that the loan induced the promise to honor the letter of direction. In other words, the alleged promise was not part of a bargained-for exchange; it was simply the by-product of a separate agreement between Cityview and the promoters. Therefore, it was not supported by valid consideration. *Cf. Tuition Plan, Inc. v. Zicari*, 335 N.Y.S.2d 95, 100 (Nassau Cnty. Dist. Ct. 1972) ("[T]he fortuitous presence in a transaction of some possibility of detriment, latent but unthought of, is not enough to furnish a

5

consideration for a contract.").

As a last resort, Cityview asks the Court to treat the letter of direction as a "*de facto* certified check" subject to Article 3 of the Uniform Commercial Code, which does not require consideration in certain circumstances.   Pls.' Mem. of Law at 21.  Leaving aside the fact that the complaint does not allege a claim under the code, certification of a check is simply a form of acceptance.  *See* N.Y. U.C.C. § 3-411.  In the context of commercial paper, acceptance is a bank's "signed engagement to honor the draft as presented" and "must be written on the draft."  *Id.* § 3-410.[4]  Neither Mercedes nor IberiaBank signed or otherwise noted acceptance on the letter of direction.

In sum, the alleged promise to honor the letter of direction was not supported by consideration.  This is fatal to Cityview's claim for breach of contract.

## B. Fraud and Negligent Misrepresentation

Common to both Cityview's claim for fraud and its claim for negligent misrepresentation is, of course, the existence of a misrepresentation.  *See Bernardi v. Spyratos*, 912 N.Y.S.2d 627, 631 (2d Dep't 2010) (fraud requires "misrepresentation or an omission of material fact which was false and known to

---

[4] The reasons for requiring a written acceptance are presumably akin to those underlying the statute of frauds.

be false by the defendant"); *J.A.O. Acquisition Corp. v. Stavisky*, 8 N.Y.3d 144, 148 (2007) (negligent misrepresentation requires "a duty on the defendant to impart correct information to the plaintiff" and "that the information was incorrect"). The complaint alleges that Mercedes represented to Cityview (1) that the promoters had enough funds in their accounts to repay the loan, (2) that he had received the letter of direction, and (3) that IberiaBank would honor it.

The first two representations were undisputedly correct. Only the third is alleged to have been false. But that statement concerned an expression of future expectation or intent, which are not actionable. *See U.S. Bank N.A. v. Khan Prop. Owner, LLC*, 172 N.Y.S.2d 25, 29 (2d Dep't 2022) (fraud); *DaCosta v. Trade-Winds Env't Restoration, Inc.*, 877 N.Y.S.2d 373, 274 (2d Dep't 2009) (negligent misrepresentation). In particular, it was a promise and promises are enforceable, if at all, only through an action for breach of contract. *See Jakes-Johnson v. Gottlieb*, 161 N.Y.S.2d 585, 588 (4th Dep't 2021).

## C. Unjust Enrichment/Constructive Trust

"The basis of a claim for unjust enrichment is that the defendant has obtained a benefit which in equity and good conscience should be paid to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012) (internal quotation marks omitted). As noted in connection with the breach of contract claim, Cityview argues that IberiaBank benefitted because the loan proceeds were

deposited in one of its accounts.  As also noted, however, IberiaBank would have received the same benefit from *any* deposit.  Moreover, the benefit a bank receives from a deposit is not something that "in equity and good conscience" rightfully belongs to the depositor.  In any event, "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim," even when those claims fail.  *Costello*, 18 N.Y.3d at 790.

A constructive trust is simply a remedy "to prevent unjust enrichment." *Martini v. Lombardo*, 912 N.Y.S.2d 693, 696 (2d Dep't 2010).  Since the complaint does not adequately allege unjust enrichment, there is no basis for a constructive trust.  In addition, a constructive trust requires "a confidential or fiduciary relationship," *id.*, and the complaint does not allege any facts supporting the existence of such a relationship.

### III

For the foregoing reasons, defendants' motion to dismiss is granted and the complaint is dismissed for failure to state any claim upon which relief can be granted.

**SO ORDERED.**

       /S/ Frederic Block
       FREDERIC BLOCK
       Senior United States District Judge

Brooklyn, New York
February 10, 2023